FILED

1  Robert M. Bodzin, SB # 201327
   BURNHAM BROWN, PLC

2013 JAN 18  PM 1:48

2  1901 Harrison Street, 14th Floor
   Oakland, CA 94612
3  Tel: (510) 444-6800
   Fax: (510) 835-6666

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

4  Email: rbodzin@burnhambrown.com

BY:_____

5  Jeffrey M. Thompson, SB#141395
   MEAGHER & GEER, PLLP
6  33 South Sixth Street, Ste. 4400
   Minneapolis, MN 55402
7  Tel:    (612) 338-0661
   Fax:    (612) 338-8384
8  Email: jthompson@meagher.com

9  Attorneys for Defendant Walgreen Co.

10

11                    UNITED STATES DISTRICT COURT

12         CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

13  TERRI PEREA, individually and on          ED CV 13  -00119 JGB   (DTBx)
    behalf of all others similarly situated,   Case No.:
14
                             Plaintiff,
15                                            NOTICE OF REMOVAL BY
    v.                                        DEFENDANT WALGREEN CO.,
16                                            IMPROPERLY NAMED
    WALGREEN COMPANY, and DOES                WALGREEN COMPANY
17  1 through 10, inclusive,

18                             Defendants.

19

20      Defendant Walgreen Co., incorrectly identified as "Walgreen Company" in

21  Plaintiff's Class Action Complaint ("Walgreen"), hereby respectfully submits its

22  Notice of Removal of the above-captioned action to the United States District Court,

23  Central District of California, Eastern Division.  In support of its Notice of Removal

24  of the above-captioned action from the State of California, Superior Court, San

25  Bernardino County, Case No. CIVDS1213101, Walgreen avers as follows:

26      1.     On or about December 19, 2012, Plaintiff apparently filed her

27  Summons and Class Action Complaint in the State of California, Superior Court,

28  San Bernardino County, naming Walgreen and Does 1-10 as defendants.

\8794823.1                          1.
                                                    Notice of Removal

2.    On December 21, 2012, Plaintiff Served the Summons and Class Action Complaint upon the registered agent for service of process for Walgreen. A copy of Plaintiff's Summons, Class Action Complaint, and Civil Cover Sheet, are attached collectively as Exhibit "A" to this notice.

3.    The above-captioned action is a civil class action asserting a right to permanent injunctive relief, restitution and attorneys' fees.  Plaintiff purports to assert causes of action, allegedly for violations of the California Food & Agriculture Code and the California Business & Professions Code.

4.    The causes of action in Plaintiff's Class Action Complaint are based generally on allegations that Walgreen improperly sold in California a private label honey product called "Nice" (the "Nice Honey"), which was labeled as "Nice 100% Pure Honey," because the Nice Honey allegedly does not meet the definition of "honey" allegedly set forth in certain California state statutes and/or regulations.

5.    The above-captioned amended class-action is one in which this Court has diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, in that diversity of citizenship exists pursuant to 28 U.S.C. §§ 1332 (c)(1) and (d)(2)(A), specifically:

    a.    Plaintiff and proposed class representative Terri Perea alleges that she is a citizen of the State of California and resides in the City of Sean Bernardino, California (Compl. ¶ 6);

    b.    Defendant Walgreen is incorporated under the laws of the State of Illinois and has its principal place of business in the State of Illinois. (Compl. at ¶ 7).

6.    The limitations on this Court's ability to exercise jurisdiction identified in 28 U.S.C. §§ 1332 (d)(3) do not apply because Walgreen, as the only identified Defendant, and as the primary defendant, is not a citizen "of the State in which the action was originally filed."

7.    Similarly, the limitations on this Court's ability to exercise jurisdiction identified in 28 U.S.C. §§ 1332 (d)(4) do not apply because Walgreen, as the only Defendant from which significant relief is sought, is not a citizen "of the State in which the action was originally filed."

8.    The amount-in-controversy requirement of 28 U.S.C. § 1332 (d) is also satisfied.

a.    As required by 28 U.S.C. § 1332(d)(6), the "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs;"

b.    "If the jurisdictional amount in controversy is not facially apparent from the complaint, then the court must look beyond the facts of the complaint and apply the preponderance of the evidence standard." *Quiroz v. Mistras Group, Inc.*, No. CV 09-7146, 2010 WL 2079833 at *1 (C.D. Cal. May 21, 2010) (citing *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F. 3d 994, 998 (9th Cir. 2007)).

c.    Plaintiff's Class Action Complaint estimates that "the Plaintiff Class includes thousands of persons who collectively paid hundreds of thousands of dollars to Walgreen for its Nice Product." (Compl. at ¶ 42.)  But it is silent as to the amount in controversy.

d.    Plaintiff's proposed class is "[a]ll persons in California who purchased the Nice Product from Walgreens over the past four years."

e.    Walgreen has sold approximately $3.08 million worth of Nice Honey in California during the four years prior to the lawsuit being filed.

f.    Plaintiff's prayer for relief seeks an order requiring Walgreen to pay full restitution with respect to the $3.08 million in sales of Nice Honey. (Compl. at ¶¶ 38, 56, 65 and Prayer for Relief ¶ (2).)

g.    The Class Action Complaint also seeks to recover attorneys' fees. (Compl. at Prayer for Relief at ¶ (4) at p. 15.)  The general rule for determining the attorneys' fees in controversy for the purpose of analyzing the amount in controversy requirement for diversity jurisdiction adopted in the Ninth Circuit is 25% of the common fund. *Thompson v. Basic Research LL*, 2008 WL 1808316 at *4 (E.D. Cal. 2008), *citing Staton v. Bowing Co.*, 327 F.3d 938, 969 (9th Cir. 2003); *Lowdermilk*, 479 F.3d at 1000. Because the alleged damages sought are approximately $3.08 million and the reasonable estimate of attorneys' fees in controversy is 25% of this sum, the attorneys' fees for the

purposes of the amount of controversy analysis should be computed to be approximately $770,000.

h.   Plaintiff also seeks injunctive relief ruling that Walgreen is prohibited from labeling or selling the Nice Honey as "honey" in California. If Plaintiff is successful, Walgreen would have to either (1) completely discontinue sales of Nice Honey in California; (2) label the Nice Honey as something other than "honey" in California, in violation of federal law; or (3) sell unfiltered honey in California. The impact of such a ruling would easily exceed $2 million. Option (1) would result in the loss of all sales of honey in California, which would result in a loss exceeding $2 million. Options (2) or (3) likely would result in annual honey sales diminishing by 25%-50%. That magnitude of diminished sales could result in Walgreen deciding to discontinue completely the sale of honey in California. In any event, the loss caused by the proposed injunction would exceed $2 million very quickly.

i.   Because, when the alleged damages are combined with the attorney fee request, and the effect of the injunctive relief sought, the amount in controversy far exceeds $5,000,000, and there is diversity of citizenship between Plaintiff and Walgreen, diversity jurisdiction exists.

9.   Removal to this Court is proper under the provisions of 28 U.S.C. §§ 1441, 1446, and 1453.

10.   This Notice is being filed within 30 days of the date that Walgreen was first served a copy of the Summons and Complaint in this action in accordance with 28 U.S.C. § 1446(b).

11.   The true and correct copy of the Summons, Class Action Complaint, and Civil Cover Sheet, attached collectively as Exhibit "A" to this Notice constitutes all process, pleadings, discovery and orders allegedly served by Plaintiff Terri Perea upon Defendant Walgreen.

12.   Concurrent with filing of this Notice of Removal, Defendant Walgreen is filing a Notice of Filing of Notice of Removal to Federal Court with the Superior Court of California, County of San Bernardino.

WHEREFORE, Defendant Walgreen requests that the above-entitled action be removed from the Superior Court of California, County of San Bernardino to the

\8794823.1

4.

1   United States District Court for the Central District of California, Eastern Division

2   and that all further proceedings in this action be held before this Court.

3   Dated: January 18, 2013

4                                    Robert M. Bodzin, SB # 201327
                                     BURNHAM BROWN, PLC
5                                    1901 Harrison Street, 14th Floor
                                     Oakland, CA 94612
6                                    Tel:  (510) 444-6800
7                                    Fax: (510) 835-6666
                                     Email:  rbodzin@burnhambrown.com
8

9                                              And

10
                                     Jeffrey M. Thompson, SB#141395
11                                   MEAGHER & GEER, PLLP
                                     33 South Sixth Street, Ste. 4400
12                                   Minneapolis, MN  55402
13                                   Tel:   (612) 338-0661
                                     Fax:   (612) 338-8384
14                                   Email:jthompson@meagher.com

15
                                     (*Counsel for Defendant Walgreen Co.*)
16

17

18

19

20

21

22

23

24

25

26

27

28

\8794823.1                          5.

# EXHIBIT A

<div align="right">SUM-100</div>

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALGREEN COMPANY AND DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TERRI PEREA

<div style="border:1px solid">

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 19 2012

BY _____
NICOLE HYDUKOVICH, DEPUTY

</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino District Civil Division<br><br>303 W. Third St., San Bernardino, CA 92415-0210 | **CASE NUMBER:**<br>*(Número del Caso):* CIVDS1213101 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher T. Williams, Esq., C2 Law Group, LLP, 5815 Zumirez Drive, Malibu, CA 90265 (310) 457-4072

| | | | |
|---|---|---|---|
| **DATE:** December 18, 2012<br>DEC 19 2012<br>*(Fecha)* | Clerk, by<br>*(Secretario)* Nicole Hydukovich | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Walgreen Company

    under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

<div align="right">Page 1 of 1</div>

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1   C2 LAW GROUP, LLP
     CHRISTOPHER T. WILLIAMS (State Bar No. 171907)
2   5815 Zumirez Drive
     Malibu, CA 90265
3   Telephone: (310) 457-4072
     Facsimile: (310) 359-0258
4   Email: cwilliams@c2lawgroup.com
     Attorneys for Plaintiff
5   TERRI PEREA

6

7              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                 FOR THE COUNTY OF SAN BERNARDINO

9

10  TERRI PEREA, individually and on behalf of all    CASE NO. CIVDS1213101
      others similarly situated,
11

12           Plaintiff,                CLASS ACTION COMPLAINT FOR:

13  v.
                               (1) VIOLATIONS OF THE CALIFORNIA
14  WALGREEN COMPANY, and DOES 1 through         FOOD & AGRICULTURAL CODE (Cal.
      10, inclusive,                         Food & Agric. Code §§ 29413, et. seq.);
15                            and
          Defendants.
16                            (2) VIOLATIONS OF CALIFORNIA
                               UNFAIR COMPETITION LAW (Cal.
17                             Bus. & Prof. Code §§ 17200, et seq.)

18                             DEMAND FOR JURY TRIAL

19

20

21

22

23

24

25

26

27

28

                                                      CLASS ACTION COMPLAINT

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

DEC 19 2012

BY _____
NICOLE HYDUKOVICH, DEPUTY

C2 LAW GROUP, LLP
5815 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4072

Plaintiff Terri Perea, individually and on behalf of the Class described below, by her attorneys, makes the following allegations against Defendant Walgreen Company ("Walgreens" or "Defendant") based upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are based on personal knowledge:

<u>NATURE OF ACTION</u>

1.      This action involves the unlawful practices of Walgreens, a supermarket and food retailer with over one hundred stores throughout the State of California, with respect to its sales of its own private label honey, "Nice" (the "Nice Product"), to consumers in California.  As alleged herein, Walgreens sale in California of its Nice Product as "honey" violates the express provisions of the California Food and Agricultural Code (*i.e.* Cal. Food & Agric. Code §§ 29413, *et seq.*) and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) ("UCL"). Walgreens' Nice Product fails to conform to California's "honey standard," as all of the naturally occurring pollen has been removed.

2.      Plaintiff and the Class Members are consumers who bought the Nice Product from various Walgreens stores in California.

3.      The presence of pollen in honey allows for identification of the geographical origin of that particular honey.  The ability for the consumer to determine the geographic origin of honey is dependent upon having pollen present in the honey. The ability to determine where the Nice Product originated enables consumers to avoid purchasing honey that originates in places such as China, where certain honey manufacturers filter their honey to such a degree as to remove all traces of pollen.  This filtration process allows certain Chinese manufacturers to disguise the origin of their honey in order to avoid high tariffs imposed by the United States.  It has also been discovered that certain Chinese honey has been contaminated with trace chemicals, including metal and antibiotics. Thus, the ability to determine the geographic origin of honey has value to the California consumer if for no other

-2-

CLASS ACTION COMPLAINT

1  reason than to ensure that the honey purchased is not a product of China.

2      4.    The sale of honey in California is regulated by California's Food and Agriculture Code

3  sections 29413, *et seq.* (collectively the "California Honey Statutes"). The California Honey Statutes

4  are strict liability consumer protection statutes that require, among other things, that for honey to be

5  sold in California it must contain pollen unless the removal of such pollen was "**unavoidable in the**

6  **removal of foreign inorganic or organic matter.**" Independent testing has shown that the Nice

7  Product that Walgreens has sold and continues to sell in California is devoid of any pollen. The

8  California Honey Statutes make it unlawful for anyone to sell honey that does not conform in every

9

10  way to their sections.

11      5.    Walgreen's failure to comply with California's Honey Statutes are unlawful and unfair

12  and, thus, also constitute a violation of the UCL.

13          **PARTIES**

14

15      6.    Plaintiff Terri Perea ("Plaintiff" or "Perea") is an individual residing in the City of San

16  Bernardino, San Bernardino County, California.

17      7.    Defendant Walgreens is incorporated in Illinois with its principal place of business in

18  Deerfield, Illinois. Walgreens operates retail stores throughout the State of California, including the

19

20  City and County of San Bernardino.

21      8.    Whenever in this Complaint reference is made to any act or omission of a corporate

22  defendant, partnership, limited liability company, or other entity, such allegations shall be deemed to

23  mean that the directors, officers, agents, employees, distributors, partners, contractors, third-party sales

24  agencies or representatives of said corporate defendant, partnership, limited liability company or other

25  entity did, authorized or commanded such act or omission while actively engaged in the management,

26  operation, control or representation of the affairs of said corporate defendant, partnership, limited

27  liability company or other entity, and while acting within the course and scope of their agency,

28

CLASS ACTION COMPLAINT

C2 LAW GROUP, LLP
6815 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4072

1   distributorship, contract, employment, representation and capacity.

2       9.      Plaintiff does not know the true names or capacities of the Defendants sued herein as

3   DOES 1 through 10 inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff

4   will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is

5   informed and believes, and based thereon alleges, that each of these fictitiously named Defendants is

6   responsible in some manner for the occurrences alleged herein, and that Plaintiff's injuries as herein

7   alleged were proximately caused by those Defendants.  Each reference in this complaint to

8   "Defendant" or "Defendants" or to a specifically named Defendant refers to all Defendants sued under

9   fictitious names.

10      10.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein

11  mentioned each of the Defendants, including all Defendants sued under fictitious name, and each of

12  the persons who are not parties to this action but are identified by name or otherwise throughout this

13  complaint, was the alter ego of each of the remaining Defendants, was the successor in interest or

14  predecessor in interest, and was the agent and employee of each of the remaining Defendants and in

15  doing the things herein alleged was acting within the course and scope of this agency and

16  employment.

17      11.     Plaintiff is informed and believes, and based thereon alleges, that Defendants

18  committed the acts alleged in this complaint in furtherance of a conspiracy among Defendants to

19  engage in the wrongful conduct alleged herein and otherwise harm Plaintiff and the Class members.

20      12.     As Defendant is engaged in illegal and improper conduct, this is a complaint for

21  violations of Cal. Food & Agric. Code §§ 29413(e) and 29671 and for unlawful business practices

22  under Cal. Bus. & Prof. Code § 17200, *et seq.*

## JURISDICTION AND VENUE

23      13.     This Court has personal jurisdiction over Defendant because Defendant has committed

-4-

CLASS ACTION COMPLAINT

illegal acts and unfair competition in the city and county of San Bernardino and throughout California.

14.     Venue is proper in this Court because at all relevant times, Plaintiffs resided in the City of San Bernardino, County of San Bernardino, and a substantial portion of the practices complained of herein occurred in this City and County.

## GENERAL ALLEGATIONS

15.     Walgreens conducts business throughout the United States and operates more than 8,000 stores in all 50 states, including more than 40 stores within this District, in which it sells its Nice Product.

16.     The Nice Product is a store brand of foods offered exclusively by Walgreens. The Nice Product is labeled "Nice 100% Pure Honey" and can be found in Walgreens stores throughout California. Neither the front nor back labels disclose the country(ies) of origin for the purported honey. On the back bottom portion of the Honey container, there is a virtually illegible stencil notation on it stating that the Nice Product is a "Product of USA ARG BRZ INDIA."

### The California Honey Statutes

17.     The California Honey Statutes regulate, among other things, the sale of honey to consumers in California. The California Honey Statutes define "honey" as "the natural sweet substance produced by honeybees from the nectar of plants or from secretions of living parts of plants or excretions of plant sucking insects on the living parts of plants, which bees collect, transform by combining with specific substances of their own, deposit, dehydrate, store, and leave in the honeycomb to ripen and mature." Cal. Food & Agric. Code § 29413(a). Pursuant to the California Honey Statutes, "honey consists essentially of different sugars, predominantly fructose and glucose as well as other substances such as organic acids, enzymes, and solid particles derived from honey collection." Cal. Food & Agric. Code § 29413(d).

18.     Pollen is one of the solid particles derived from honey collection referenced above in

C2 LAW GROUP, LLP
6515 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4042

-5-

section 29413(d) of the California Honey Statutes and is a natural, constituent element found in honey.

19.    The California Honey Statutes further state that:

"Honey sold as described in subdivision (d) shall not have added to it any food ingredient, including food additives, nor shall any other additions be made other than honey. Honey shall not have any objectionable matter, flavor, aroma, or taint absorbed from foreign matter during its processing and storage. Honey shall not have begun to ferment or effervesce and no pollen or constituent particular to honey may be removed except where unavoidable in the removal of foreign inorganic or organic matter."

Cal. Food & Agric. Code § 29413(e) (emphasis added).

20.    The California Honey Statutes further make it "unlawful for any person to prepare, pack, place, deliver for shipment, deliver for sale, load, ship, transport, or sell any honey, adulterated honey or any product which is marked, labeled, or designed as honey, in bulk or in any container or subcontainer which does not conform to the provisions of this chapter." Cal. Food & Agric. Code § 29671 (emphasis added).

21.    As described in more detail below, Walgreens' Nice Product does not meet the requirements of the California Honey Statutes and, therefore, cannot be sold legally to consumers in California.

22.    Honey must be filtered to some extent prior to sale for human consumption because when first taken from the hive, honey contains various particles of foreign matter such as dirt, bee parts, wax particles, and other debris.

23.    There are different methods of filtration used to remove the particles of foreign matter present in honey after its initial harvesting from the hive. These methods of filtration differ in several respects, but for purposes of this complaint, one of the most important differences between these methods is the size of the particles removed from the honey.

24.    One method of filtration, known as "straining," removes all particles that can be seen with the naked eye as well as microscopic particles down to the size of roughly 10 micrometers. "Straining" honey will remove all foreign matter present in honey but will not remove all of the

-6-

CLASS ACTION COMPLAINT

C2 LAW GROUP, LLP
9815 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4072

1  pollen.

2       25.     The next level of filtration, generally called "micro-filtration," removes not only

3  everything that "straining" will remove but also, depending on the specific method used, removes

4
   particles ranging in size from 10 micrometers to approximately 0.1 micrometers.  This level of

5
   filtration may or may not remove all traces of pollen from honey, depending upon the type and size of

6
7  the pollen grains present in the honey and the specific method of micro-filtration used.

8       26.     The last filtration method is known as "ultra-filtration," which removes all particles

9  down to the size of approximately .001 micrometers.  Ultra-filtration removes all traces of pollen from

10  honey.

11       27.     Walgreens Nice Product has been filtered in a manner that results in the removal of all

12  traces of naturally occurring pollen from the product.  Such level of filtration is neither necessary nor

13  "unavoidable in the removal of foreign matter," as that phrase is used in the California Honey Statutes.

14
15  Thus, the Nice Product is being sold in violation of the California Honey Statutes.

16       28.     A justification often advanced for removing all pollen from honey is that it retards or

17  prevents premature crystallization.  Crystallization of honey is a natural process by which sugars

18
19  present in the honey spontaneously precipitate out of the supersaturated honey solution.

20  Crystallization will result in changes in the appearance of honey and, therefore, is primarily aesthetic.

21  Moreover, the crystallization process is easily reversed by gently heating the crystalized honey.

22  Crystallization can be caused by numerous factors, but the tendency of honey to crystalize depends

23  primarily on its glucose content and moisture level, and not its pollen content.  The removal of all

24  pollen from honey is not necessary to retard or prevent premature crystallization.  Thus, the

25  justification that all pollen must be removed from honey to retard or prevent premature crystallization

26
27  is false.

28       29.     Moreover, even if the presence of some pollen in honey did accelerate crystallization,

C2 LAW GROUP, LLP
6610 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4072

-7-

CLASS ACTION COMPLAINT

using a filtration method to remove all traces of pollen from honey to retard or prevent crystallization would still violate the California Honey Statutes because such method would exceed that necessary to remove any inorganic or organic foreign matter.

30.     Pollen itself is rich in protein as well as other vitamins, minerals, beneficial fatty acids, carotenoids, and bioflavonoids, which can lower cholesterol.  The enzymes and amino acids in pollen are believed by many consumers to help prevent various ailments and diseases.  Plaintiff and other reasonable consumers purchase honey because of a belief that the pollen within the honey will provide them with ancillary health benefits.

31.     Walgreens Nice Product does not contain pollen and, therefore, could not possibly provide any of the cholesterol lowering and other health benefits which consumers believe may be derived from the consumption of pollen in honey.

32.     In addition, the presence of pollen in honey allows for the identification of the plant sources used by bees to create the honey.  Through the study of the pollen particles present in honey it is possible to determine the geographical origin of that particular honey.  The study of pollen in honey is known as melissopalynology and is a well-established and universally recognized scientific discipline.  While there are other methods to determine and geographic source of honey, examination of pollen contained in honey is the most convenient and inexpensive method for determining the source of honey.

33.     The ability to determine the true geographic source of honey is a valuable benefit to having pollen present in honey.  For example, without being able to analyze the pollen contained within the honey, it is impossible to rule out whether Walgreens Nice Product originated from China.  By removing all pollen from its Nice Product, Walgreens, makes it impossible to distinguish its honey from improperly imported Chinese honey.

34.     It is impossible to use melissopalynologic methods to determine the geographic source

-8-

CLASS ACTION COMPLAINT

C2 LAW GROUP, LLP
6816 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4072

1   of Walgreens' Nice Product because all traces of pollen have been filtered from the product. Thus,

2   Walgreens' Nice Product has less value than honey that has not had all of its pollen removed through

3   filtering.

### Plaintiff's Purchase of Defendant's Product

35.   On or about July 17, 2012, Ms. Perea purchased a container of Walgreens' "Nice 100% Pure Honey" (*i.e.*, the Nice Product) from a Walgreens store located in the City of San Bernardino in the County of Riverside.

36.   When Plaintiff purchased the Nice Product, she reasonably believed that Walgreens was lawfully selling the Nice Product in its stores and that it had not been altered in a way that diminished the nutritional value of the product.

37.   In truth, however, the Nice Product had been altered/filtered to remove all of the natural and nutritionally beneficial pollen. Plaintiff had Walgreens' Nice Product tested for the presence of pollen by Professor Vaughn Bryant of Texas A&M University. Professor Bryant is an expert in Melissopalynology. Professor Bryant concluded that the Nice Product he tested contained no pollen.

38.   As a result of Walgreens' unlawful and unfair conduct, Plaintiff and the other Class Members are entitled restitution, injunctive relief, and other appropriate relief under California's UCL.

### CLASS ALLEGATIONS

39.   Plaintiff brings this action on her own behalf and on behalf of a Class of persons, the members of which are similarly situated to each other member of that Class. The Class which Plaintiffs seek to represent is composed of and defined as follows:

> "All persons in California who purchased the Nice Product from
>
> Walgreens over the past four years."

40.   Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the above Class definition. Excluded from this Class are Defendant, parent,

C2 LAW GROUP, LLP
5916 RAMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 467-4372

-9-

CLASS ACTION COMPLAINT

subsidiary or affiliate business entities of Defendant, its directors, members of its immediate families or any other entity related to or affiliated with Walgreens.

41.     This action has been brought and may properly be maintained as a class action pursuant to Cal. Code of Civil Proc. § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

42.     Numerosity.  The Class is so numerous and geographically diverse that joinder of all of them is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes, and based thereon alleges, that based upon the amount of trade, the Plaintiff Class includes thousands of persons who collectively paid hundreds of thousands of dollars to Walgreens for its Nice Product.

43.     Commonality.  Common questions of law and fact exist as to all members of the Class and predominate over any questions which affect only individual members of the Class, including, but not limited to, the following:

    a.  Whether Walgreens and/or its supplier(s) filtered its Nice Product in excess of the level of filtration required to remove foreign inorganic or organic matter, in violation of the California Honey Statutes;

    b.  Whether Walgreens' sale of the Nice Product to consumers in California was unlawful and unfair because the Nice Product fails to comply with all of the requirements of the California Honey Statutes;

    c.  Whether Walgreens engaged in unlawful or unfair business practices in violation of Cal. Bus. & Prof. Code §. 17200, *et seq.*;

    d.  Whether Walgreens has been unjustly enriched through its wrongful practices;

    e.  Whether Plaintiff and the members of the Class have sustained damages or injuries by reason of Walgreen's wrongful practices and, if so, the proper measure of such

CLASS ACTION COMPLAINT

C2 LAW GROUP, LLP
5815 ZUAREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4072

damages or injuries; and

    f.   Whether Plaintiff and Class Members are entitled to injunctive and other equitable relief.

44.   <u>Typicality</u>.  Plaintiff's claims are typical of the claims of Class members.  Plaintiff and all members of the Class have sustained and continue to sustain injuries and damages arising out of Defendant's common course of illegal conduct.  Defendant's ongoing failure to comply with the California Honey Statutes, as alleged herein above, resulted in the Plaintiff, like other members of the Class, purchasing the Nice Product that did not comply with the express provisions of the California Honey Statutes.  The injuries and damages of Plaintiff and each of the Class members were caused by Defendant's unlawful and unfair conduct in violation of law as alleged herein.

45.   <u>Adequate Representation</u>.  Plaintiff can fairly and adequately represent the interests of the Class.  Plaintiff is a consumer, like other members of the Class, who purchased Walgreens Nice Product that does not comply with the California Honey Statutes.  Plaintiff is an adequate representative of the Class, as she has no interests which are adverse to the interests of absent members of the Class.

46.   <u>Superiority</u>.  A Class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the Class is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore, an important public interest will be served by addressing this matter as a class action.  Yet, given the small damage amounts per Class member, the expense of litigating each Class member's claim individually would be so cost prohibitive as to deny Class members a viable legal remedy.  Individualized litigation would also present the potential for inconsistent or contradictory

-11-

C2 LAW GROUP, LLP
6816 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4072

1    judgments, particularly because injunctive relief is sought herein.

2    47.    Manageability.  Plaintiff envisions no unusual difficulties in the management of this

3    action as a Class action.

4    **FIRST CAUSE OF ACTION**

5    **(Violations of California Food and Agricultural Code)**

6

7    48.    Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1

8    through 47, inclusive, as if set forth fully herein.

9    49.    California Food and Agricultural Code section 29671 makes it unlawful to sell any

10   honey that does not fully conform to all of the requirements set forth in Food and Agricultural Code

11   sections 29413, *et al.*

12   50.    Walgreens has violated, and continues to violate, section 29671 of the Food and

13   Agricultural Code by selling a honey product (*i.e.*, the Nice Product) that has had all of its pollen

14   removed, either by Walgreens or its supplier(s), in violation of Food and Agricultural Code section

15

16   29413(e), which prohibits the removal of pollen from honey unless the removal of such pollen was

17   "unavoidable in the removal of foreign inorganic or organic matter."

18   51.    As a result of Walgreens' wrongful conduct as alleged above, Plaintiff and other Class

19   members have been, and continue to be misled into buying a product that they would not have

20

21   purchased if they had known that it was being sold in violation of California law.

22   52.    Plaintiff and the other Class Members who purchased the Nice Product had no way of

23   reasonably knowing the Nice Product they purchased was being marketed and sold unlawfully by

24   Walgreens.  Thus, they could not have reasonably avoided the injury each of them suffered.

25   53.    Plaintiff and the other Class Members are without an adequate remedy at law.

26   54.    As a result of Walgreens' conduct as alleged above, Plaintiff and the other Class

27   Members have suffered and will continue to suffer injury in fact and monetary loss, including, but not

28

-12-

CLASS ACTION COMPLAINT

C2 LAW GROUP, LLP
5515 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4972

1    limited to, the monies paid to purchase the unlawful Nice Product.

2        55.     Walgreens' violations of the California Food and Agricultural Code continue to this

3  day. As a result, Plaintiff and the other Class members have suffered and will continue to suffer

4  irreparable harm by virtue of buying a product they would not have purchased absent Walgreens'

5  unlawful and unfair marketing and sale of its Nice Product. Plaintiff and the other Class Members will

6  continue to be so damaged unless Walgreens is permanently restricted and enjoined by the Court from

7  further violating the express provisions of the California Food and Agricultural Code, as alleged

8  herein.

9

10       56.     Accordingly, pursuant to Business and Professions Code § 17203, Plaintiff and the

11  other Class Members seek an order of this Court that includes, but is not limited to, an order enjoining

12  such future conduct on the part of Walgreens and such other orders and judgments which may be

13  necessary to disgorge Walgreens' ill-gotten gains and to restore to any person in interest any money

14

15  paid for Walgreens' Nice Product as a result of the wrongful conduct of Walgreens.

16                       **SECOND CAUSE OF ACTION**

17      **(Violations of § 17200 *et seq.* of California Business and Professions Code)**

18       57.     Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1

19  through 56, inclusive, as if set forth fully herein.

20

21       58.     By committing the wrongful acts and practices alleged herein, Walgreens has engaged

22  and continues to engage in unlawful business practices as the term is defined in section 17200 of

23  California Business and Professions Code, which includes any "unlawful, unfair or fraudulent business

24  act or practice," and any "unfair, deceptive, untrue, or misleading advertising."

25       59.     Specifically, Walgreens has violated the UCL's proscription against engaging in

26  unlawful and unfair conduct as a result of its ongoing violations of California's Food and Agricultural

27

28  Code, as described hereinabove.

C2 LAW GROUP, LLP
5941 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4072

-13-

60. Plaintiff and the other Class Members who purchased the Nice Product have suffered injury in fact and monetary loss by virtue of buying a product they would not have purchased had they known that the Nice Product they purchased was being marketed and sold unlawfully and unfairly by Walgreens.

61. Plaintiff and the other Class Members who purchased the Nice Product had no way of reasonably knowing the Nice Product they purchased was being marketed and sold unlawfully by Walgreens. Thus, they could not have reasonably avoided the injury each of them suffered.

62. The gravity of the consequences of Walgreens' conduct as described above outweighs any justification, motive, or reason therefor, particularly considering the available legal alternatives that exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other Class Members.

63. Plaintiff and the other Class Members are without an adequate remedy at law.

64. Walgreens' violations of the UCL continue to this day. As a result, Plaintiff and the other Class members have suffered and will continue to suffer irreparable harm by virtue of buying a product they would not have purchased absent Walgreens' unlawful and unfair marketing and sale of its Nice Product. Plaintiff and other Class members will continue to be so damaged unless Defendant is permanently restricted and enjoined by the Court from further violating California Business and Professions Code Section 17200, *et seq.*

65. Accordingly, pursuant to Business and Professions Code § 17203, Plaintiff and the other Class Members seek an order of this Court that includes, but is not limited to, an order enjoining such future conduct on the part of Walgreens and such other orders and judgments which may be necessary to restore to Plaintiff and the other Class Members any monies paid for the Walgreens' Nice Product.

-14-

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment and relief as follows:

1.     For an order certifying the Class under California Code of Civil Procedure section 382 and appointing Plaintiff and her counsel of record to represent the Class;

2.     For restitution of all revenues where allowable, earnings, profits, compensation and benefits which may have been obtained by Walgreens as a result of its unlawful and unfair course of conduct, acts, or practices;

3.     For a permanent injunction restraining and enjoining Walgreens and any principals, officers, agents, servants, employees, attorneys, representatives, successors and assigns of Walgreens, and all those in privity, concert or participation with Walgreens, or any entity owned in whole or in part by any of the foregoing, from marketing, selling or distributing any Nice Product in the state of California that does not fully comply with all of the applicable sections of the California Food and Agricultural Code;

4.     For attorneys' fees and costs; and

5.     For such other relief as the Court deems just.


DATED: December 19, 2012              C2 LAW GROUP, LLP


                                  By: _____
                                    Christopher T. Williams
                                    Attorneys for Plaintiff TERRI PEREA

C2 LAW GROUP, LLP
5815 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 437-4072

CLASS ACTION COMPLAINT

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all claims so triable.

DATED: December/9, 2012

C2 LAW GROUP, LLP

By: _____
Christopher T. Williams
Attorneys for Plaintiff TERRI PEREA

C2 LAW GROUP, LLP
5615 ZUMIREZ DRIVE
MALIBU, CALIFORNIA 90265
(310) 457-4072

-16-

CLASS ACTION COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher T. Williams (SBN 171967)<br>C2 Law Group, LLP<br>5815 Zumirez Drive, Malibu, CA 90265<br><br>TELEPHONE NO.: (310) 457-4072   FAX NO.: (310) 359-0258<br>ATTORNEY FOR *(Name):* Plaintiff Terri Perea | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>**DEC 1 9 2012**<br><br>BY _____<br>NICOLE HYDUKOVICH, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 303 W. Third St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District Civil Division

| CASE NAME:<br>Terri Perea v. Walgreen Company | |
|---|---|
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | **Complex Case Designation**<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | CASE NUMBER:<br>**CIVDS1213101**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Mass tort (40) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | Real Property | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☑ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence      f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* 2

5. This case ☑ is ☐ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December / , 2012
Christopher T. Williams
_____      ►_____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

FIRST LEGAL SUPPORT   (951)779-0100   00/00/2013

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| TERRI PEREA, individually and on behalf of all others similarly situated | WALGREEN COMPANY, and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Christopher T. Williams, C2 LAW GROUP<br>5815 Zumirez Drive, Malibu, CA 90265<br>Ph.: (310) 457-4072 | Robert M. Bodzin, BURNHAM BROWN<br>1901 Harrison Street, 14th Floor, Oakland, CA 94612<br>Ph.: (510) 444-6800 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff     □ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant     ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | ☒2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

□ 1 Original Proceeding   ☒ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   □ No     □ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY / TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 463 Habeas Corpus-Alien Detainee | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

**ED CV 13 - 00119 JGB**

**(DTBx)**

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

JAN 18 2013

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s): 8:12-cv-00982-DOC-AN

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☑A. Arise from the same or closely related transactions, happenings, or events; or
    ☑B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernadino | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernadino | General California statewide class allegations |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date January 18, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 119 JGB (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.